HARTFORD ACCIDENT AND INDEMNITY COMPANY v. DEAN'S SHOP-RITE, INC.

No. 7921SC1098

(Filed 2 September 1980)

Uniform Commercial Code § 33– unauthorized signature on checks – good faith acceptance of checks – negligence contributing to unauthorized signature

Where an employee of a YMCA signed and delivered a signature card to the bank where the YMCA maintained an account, the employee cashed a number of forged or unauthorized checks with defendant grocery store, plaintiff paid the YMCA for its loss and was subrogated to the YMCA's position, and plaintiff brought an action against defendant to recover the amount of the unauthorized checks, the trial court properly entered summary judgment for defendant, since (1) defendant regularly cashed checks for its customers, the YMCA employee had been a customer for ten years, and defendant, in good faith, cashed the checks in accordance with the reasonable commercial standards of its business; and (2) the YMCA, by waiting approximately a year from the time the first check was cashed before notifying defendant the checks were unauthorized, did by its negligence substantially contribute to the making of the unauthorized checks. G.S. 25-3-406.

APPEAL by plaintiff from *Hairston, Judge.* Judgment entered 30 August 1979 in Superior Court, FORSYTH County. Heard in the Court of Appeals 4 June 1980.

This is an action in which the plaintiff asks for a judgment in the amount of $4,785.31 for certain checks drawn on the account of the Young Men's Christian Association of Winston-Salem with Wachovia Bank and Trust Company (Wachovia). Wachovia is a party defendant but it is not involved in this appeal. The plaintiff alleged that Beverly Massie, an employee of the YMCA, signed and delivered a signature card bearing her signature to Wachovia contrary to her duties and without any authority to do so from her employer. Beginning on or about January 1976 and continuing through May 1976, she cashed a number of forged or unauthorized checks with the defendant. The checks were drawn on the YMCA account with Wachovia and were paid when presented to Wachovia. Plaintiff paid the YMCA for its loss and was subrogated to the YMCA's position.

The defendant filed answer and moved for summary judgment. The answers to interrogatories and affidavits filed in

support and in opposition to the motion for summary judgment revealed that the manager of defendant had known Beverly Massie for approximately 10 years prior to January 1976. The defendant operated a grocery store in King, North Carolina, at which it cashed checks for its customers. Personal checks were taken at the cash register for groceries and checks for larger amounts were cashed after approval "at the window in the front office." The defendant had cashed checks for Beverly Massie on previous occasions. She had cashed three checks which were returned for insufficient funds which she made good immediately after she was called in regard to them. The defendant was not informed of any problem with the checks drawn on the YMCA account with Wachovia until March 1977. On 11 March 1977 a detective with the City of Winston-Salem Police Department went to the defendant store in the course of an investigation in regard to the checks. He heard the manager of the store ask his wife "if she thought that Massie was into cashing forged checks again." Upon inquiry from the detective, the manager stated that he knew Beverly Massie had forged some checks at an earlier time.

The court granted the defendant's motion for summary judgment. Plaintiff appealed.

*Hudson, Petree, Stockton, Stockton and Robinson, by Grover G. Wilson, for plaintiff appellant.*

*Blackwell, Blackwell, Canady and Eller, by Jack E. Thornton, Jr., for defendant appellee.*

WEBB, Judge.

The only question presented by this appeal is whether the motion for summary judgment was properly allowed. We hold that it was.

G.S. 25-3-406 provides:

Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from

asserting the alteration or lack of authority against a holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee's or payor's business.

From reading this statute, if the defendant paid the checks in good faith and in accordance with the reasonable commercial standards of its business and the YMCA, by its negligence, substantially contributed to the making of the unauthorized checks by Ms. Massie, the plaintiff is barred from recovery.

We examine first the actions of the defendant. G.S. 25-1-201(19) provides:

"Good faith" means honesty in fact in the conduct or transaction concerned.

The evidence in all the papers filed shows the defendant was honest in fact. It cashed the checks in good faith. All the evidence also showed the defendant regularly cashed checks for its customers. Personal checks were taken at the cash register for groceries from regular customers. Checks for larger amounts were cashed after approval at the window in the front office. Beverly Massie had been a customer for 10 years. We hold that the checks were cashed in accordance with the reasonable commercial standards of defendant's business. It may be that the defendant should have been more cautious since it knew Beverly Massie had previously cashed forged checks. That is not the test of G.S. 25-3-406. The defendant did in good faith cash the checks in the reasonable commercial standards of its business.

We next turn to the question of whether the YMCA, by waiting approximately a year from the time the first check was cashed before notifying the defendant the checks were unauthorized, did, by its negligence, substantially contribute to the making of the unauthorized checks. The statute does not define negligence. G.S. 25-4-406 makes provision for notifying a bank of unauthorized checks within certain time periods after bank statements have been received in order to hold the bank liable. We believe this is a standard of reasonable conduct which

should apply in regard to notifying other payors. We hold that by waiting approximately one year after the first check had been passed before notifying the defendant that the checks were unauthorized, the YMCA, by its negligence, substantially contributed to the making of the unauthorized checks.

If the evidence as forecast by the papers relied on by the court in the hearing on the motion for summary judgment were offered at trial the defendant would be entitled to a directed verdict in its favor. The motion for summary judgment was properly allowed. *See Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979).

Affirmed.

Judges MARTIN (Harry C.) and WELLS concur.